Per Curiam.

The first question is, whether the copy of a registered deed from Coonrod Burghardt to his sons Peter and Jacob, was rightly admitted in evidence. The Court are of opinion that it was. The deed was made in 1746, to a common ancestor, and there is no reason why the original should be in the hands of one heir rather than another. In England there is no registry, and the muniments accompany the title and may usually be produced by the party having the title. A different rule prevails in this Commonwealth. From the earliest times deeds have here been recorded, and a copy from the registry has in practice been deemed competent evidence, except where, in the ordinary course of things, the original must be presumed to be in the custody of the party offering the evidence. Considering the antiquity of this deed, and the relation of the parties to each other, the copy was properly admitted.[1]
We are then brought to the question, what was the effect of this deed from Coonrod Burghardt to Peter and Jacob. It was made almost thirty years before the location, but we think nevertheless that the estate passed by the deed. Coonrod, as an original proprietor, was seised as a tenant in common with others, ol the land in question, together with the residue of the township. It was not uncommon in the settlement of townships, to express such an interest in common, by acres..
The location was not the grant or title, by which the land passed; but it was in the nature of a partition, by which an undivided interest in a larger tract is changed into a several interest in a part of the same land. It is conceded that this location embraced the 100 acre tract in which the land de *545 manded lies. When therefore it was thus located and set off to the right of Coonrod Burghardt, it vestéd in Peter and Jacob, by force of his deed to them.
Then the question is, whether this deed created an estate in joint tenancy or a tenancy in common in Peter and Jacob. Viewing it as a question at common law, there does not appear to be any considerable difficulty in it; but it is unnecessary to express an opinion upon that point, because the Court are of .opinion, that by force of the statute these grantees became tenants in common. St. 1785, c. 62, § 4. This statute went into operation and took effect in June 1786, and Peter Burghardt died in June 1787, leaving Jacob surviving him.
This statute provides, that gifts, grants, &c. which have been or shall be made to two or more, shall be taken to be estates in common and not in joint tenancy, unless there are words clearly expressing an intent to create a joint tenancy. It is no objection to the application of this provision, that the deed had been previously made and had already created an estate in joint tenancy. Still the effective force and operation of the statute was prospective. It declared how a deed should be affected by events then future. It is the same in legal effect, as if it had provided, that upon the future decease of a joint tenant, under certain circumstances, the principle of survivorship should not operate. It was not retrospective in the sense of affecting any vested rights. There being no words in this deed manifesting a plain intent to create a joint tenancy, even if it would have had that operation at common law, the statute took effect, and by force of it the estate of Peter and Jacob, before the death of either, became a tenancy in common.[1]
Then the principal inquiry is, how the estate passed. The first question is, whether the tenant shows a title in himself. *546 The evidence is in the conveyance by N. Clossen and wife to Benedict Dewey, and a descent to Josiah Dewey, and through him to his daughter, and a conveyance by her guardian to Whiting, and by Whiting to the tenant.
The Court are clearly of opinion, that the evidence offered by the tenant would not warrant the jury in finding a partition, or a conveyance by which Mary Clossen acquired an estate in •severalty. The award is relied on, as showing a division among the heirs of Peter Burghardt. It appears to be an award of partition; there is however no agreement to refer, and so it is not binding as an award , but there is a deed of confirmation among the heirs, which is good and available as such. To make the deed evidence, it should be registered ; ■but it is acknowledged and may be registered and thus made competent evidence. This settlement not embracing the 22| acres, the parcel in controversy, leads to a strong presumption that this land has not been divided as part of Peter Burghardt’s estate.
Then how does Mary Clossen become entitled ? There being no evidence of partition or division of this parcel, in the probate office or elsewhere, it cannot be presumed to have been assigned to her as her share or purparty ; of course it must be considered as remaining undivided.
Had it been first proved that she was seised, then the deed of herself and husband would have given a title to Benedict Dewey. This was a deed in general terms, by which Nehemiah Clossen and Mary his wife conveyed to Benedict Dewey, all her right, title and interest in the hundred acre tract, not describing or specifying the land now in controversy. Now, although this would have been quite sufficient to pass the land in question, if it were first proved that Mary Clossen was seised, yet it had no influence in settling the question whether she was seised. This deed then leaves the question of title just where it was before.
. The tenant also relied upon evidence of possession, acts of ownership and other circumstances, tending to show that there had been some grant or partition now lost, by which this tract had been set off or assigned to Mary Clossen. The tract in question being open, unenclosed woodland, very clear evidence *547 ot an open, undisputed adverse possession must be given, to show either a disseisin, or a non-appearing grant; if indeed any act of this description, by one tenant in common, can be deemed evidence of disseisin, or raise a presumption o" grant, against another. All the acts of this description done after the sale to Whiting, are too recent to have this effect; and the Court are of opinion that the jury would not have been warranted in presuming a partition or grant from this evidence, and that it was rightly rejected.[1]
The title then must depend upon the documentary evidence. The evidence shows that Peter and Jacob Burghardt were ■ seised, and the legal presumption is, that they continued seised until an alienation or descent is shown. They being tenants in common at Peter’s death, one undivided half descended to his heirs. By the law in force at his death, St. 1783, c. 36, § 1, the eldest son was entitled to a double share. Lambert, the father of the demandant, therefore, had two fifths and his three sisters one fifth each. The demandant is one of the four heirs of Lambert. He will therefore take one fourth of two fifths of one half, equal to two fortieths or one twentieth, of the land described in the writ.
But the demandant is also entitled to a small share as the heir of Jacob. It appears that Jacob died without lineal descendants, leaving his estate to eight brothers and sisters, or their children, of whom his brother Peter’s children constituted the representatives of one share. As heir of Jacob, therefore, the demandant takes one fourth of two fifths of one eighth of one half, equal to two three-hundred-and-twentieths or one one-hundred-and-sixtieth part.

Tenant defaulted.

 See Ward v. Fuller, 15 Pick. 185; Scanlan v. Wright, 13 Pick. 523; Dick v. Batch, 8 Peters’s S. C. R. 30; Hellman v. Hellman, 4 Rawle, 440; Snyder v. Bowman, 4 Watts, 132; Southerin v. Mendum, 5 N. H. R. 420; Montgomery v. Dorion, 6 N. H. R. 250; Woodman v. Coolbroth, 7 Greenl. 181; Kent v. Weld) 3 Fairf. 459; Smith v. Wilson, 1 Dev. & Batt. 40; Mitchell v. Mitchellt 3 Stewart &. Port. 81.

 By Rev. Stat. c. 59, § 10,11, conveyances and devises of land to two or more persons, shall be construed to create estates in common, unless it shall be expressed therein, that the grantees or devisees shall take the lands, jointly, or as joint tenants, or in joint tenancy, or to them and the survivor of them; but this construction is not to be applied to mortgages, nor to devises or conveyances made in trust, or made to husband and wife, nor where it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy. See Martin v. Smith, 5 Binn. 16; Evans v. Britain, 3 Serg. & R. 138.

 See Rickard v. Rickard, 13 Pick. 251; Kendall v. Lawrence, 22 Pick. 640; Whiting v. Dewey, 15 Pick. 428.